**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17-CR-438 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| TROY BAKER, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Motion (ECF DKT #60) of Defendant Troy Baker to Exclude Certain Evidence from Trial. Specifically, Defendant seeks to suppress evidence obtained from a search of 566 East 260th Avenue, Euclid, Ohio 44132 (the "Property"). Defendant also attempts to exclude testimony concerning the anonymous tip that launched the investigation. Finally, Defendant wishes to curtail testimony regarding the location where the Government obtained Defendant's DNA. For the following reasons, the Court **DENIES** Defendant's Motion.

**I. BACKGROUND FACTS**

In May of 2017, "a complainant that can be identified" informed the Euclid Police Department of drug activity at the Property. The caller stated that Defendant resided at the Property. According to the caller, Defendant would package marijuana, heroin and other drugs while wearing latex gloves.

Police then investigated the tip.  They reviewed Bureau of Motor Vehicle records that indicated Defendant resided at the Property.  Detectives reviewed past police reports that confirmed Defendant's connection to the Property.  Police also determined that Defendant had a criminal history of cocaine possession.  Finally, investigators were able to determine Defendant had two outstanding warrants for his arrest.

During June 2017, detectives conducted two trash pulls at the Property.  The trash pulls produced evidence of marijuana, "baggies" of marijuana residue, "tear-offs" and latex gloves.  Police also conducted surveillance of the Property on two separate occasions.  On both occasions, authorities observed several cars coming and leaving the Property.  Based on the experience of the investigators, this observation was indicative of drug trafficking.

On June 23, 2017, Detective Buchs of the Euclid Police Department swore to the above facts in an Affidavit for Search Warrant ("Affidavit").  On the same day, a Cuyahoga County Judge granted the Search Warrant.

Police executed the Search Warrant on June 27, 2017.  Authorities uncovered various controlled substances and materials commonly used in drug trafficking.  Defendant's DNA was discovered on some of the controlled substances and drug trafficking tools.  As a result, a Federal Grand Jury indicted Defendant with Possession with Intent to Distribute Carfentanil and Cocaine.      Now for a second time, Defendant moves to suppress the evidence obtained as a result of the Search Warrant.[1]  Defendant claims the Search Warrant was legally-insufficient and his Fourth Amendment Rights were violated.  Furthermore, use of background information

---

[1] Defendant, through prior counsel, filed his original Motion to Suppress on May 10, 2018.  On June 7, 2018, this Court appointed new counsel for Defendant.  On November 26, 2018, the Court denied Defendant's first Motion to Suppress.

relating to the anonymous tip and the location of the collection of Defendant's DNA is improper. Accordingly, he asks this Court to exclude the introduction of this evidence.

The Government opposes, arguing that the Search Warrant was supported by probable cause. Further, the Government contends the information concerning the anonymous tip may be introduced as background information necessary to complete the picture of the investigation of Defendant.

## II. LAW AND ANALYSIS

**A.     Standard of Review**

The Fourth Amendment to the United States Constitution states: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. Probable cause is defined as "reasonable grounds for belief supported by less than prima facie proof, but more than mere suspicion" and exists "when there is a 'fair probability' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Lattner*, 385 F.3d 947, 951 (6th Cir. 2004), *cert. denied*, 543 U.S. 1095 (2005) (citations omitted).

In *Illinois v. Gates*, the Supreme Court announced the basic standard for determining whether an affidavit establishes probable cause to issue a search warrant:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, ***given all the circumstances set forth in the affidavit*** before him [or her], ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis ... for concluding that probable cause existed.

462 U.S. 213, 238-39 (1983) (emphasis added); *see also United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003); *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991).

A probable cause finding "should be paid great deference by reviewing courts." *Gates* 462 U.S. at 236. However, reviewing courts must ensure that the issuing magistrate or judicial officer did "not serve merely as a rubber stamp for the police." *United States v. Leon*, 468 U.S. 897, 914 (1984) (quoting *Aguilar v. Texas*, 378 U.S. 108, 111 (1964)). Further, reviewing courts "will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *Leon*, at 915 (quoting *Gates*, 462 U.S. at 239)).

A reviewing court assesses probable cause by focusing only on the four corners of the affidavit. *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1998) (citing *Whitley v. Warden,* 401 U.S. 560, 564-65 (1971)); *United States v. Hatcher*, 473 F.2d 321, 324 (6th Cir. 1973).

**B.     Search of the Property**

As this Court has previously determined, the County Judge had a substantial basis for concluding that probable cause existed in issuing the Search Warrant. The anonymous tip[2] identified the location of the criminal activity, Defendant as the suspect and the precise illegal activity. Investigators corroborated the location and the suspect by researching Bureau of Motor Vehicle records and past police reports to confirm Defendant resided at the Property. Thus, the

---

[2]The Affidavit identifies the caller as "a complainant that can be identified" and thus it appears the tip is from a known source. However, since the Affidavit does not identify or indicate the reliability of the tipster, the Court will treat it as an anonymous tip.

authorities corroborated the tip's accuracy as to both the location of the criminal activity and Defendant as the suspect.

Police also corroborated the precise illegal activity. Investigators recovered drug paraphernalia from two trash pulls at the Property. They found marijuana, marijuana residue, "tear-offs" and latex gloves. Both marijuana and latex gloves were specific pieces of information from the tip. Accordingly, the discovered drug paraphernalia combined with the tip and other police investigation, established probable cause to search the Property. *See United States v. Abernathy*, 843 F.3d 243, 251-52 (6th Cir. 2016) ("drug paraphernalia recovered from a trash pull establishes probable cause to search a home when combined with other evidence of the resident's involvement in drug crimes").

Beyond the tip and the trash pulls, police observed several cars coming and leaving the Property on two separate surveillance operations. Based on the experience of the investigators, the amount of vehicle traffic was indicative of drug trafficking. Furthermore, investigators discovered Defendant - the subject of the tip and subsequent drug trafficking investigation - had a history of controlled substances violations.

The above facts were all recited in the Affidavit. Based on the totality of the circumstances, the County Judge had a substantial basis for concluding that probable cause existed to issue the Search Warrant.

This remains true despite the objections of Defendant. Specifically, Defendant confusingly alleges the Property "does not exist" while admitting that the Property has been the long time home of Defendant's father, mother, siblings and occasional extended family members. Thus Defendant seems to imply that he does not live at the Property and thus the

Search Warrant is defective. This argument is a nonstarter and only calls into question whether Defendant has a legitimate privacy interest in the Property to challenge the search. *See Minnesota v. Carter*, 525 U.S. 83, 88 (1998) ("in order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable").

Further, Defendant criticizes the Search Warrant for what it lacks - no mention of others residing at Property and no detail about research into Bureau of Motor Vehicle and police report records. Again, this argument fails as the Court is concerned with what the Affidavit actually contains, not what a critic thinks it should contain. *United States v. Thomas*, 605 F.3d 300, 309 (6th Cir. 2010).

Finally, Defendant complains that the results of the trash pull were scant - the marijuana found was minimal and the authorities did not recover any heroin. Defendant misunderstands however, that even the smallest bit of marijuana corroborates the anonymous tip. Further, the fact that investigators did not uncover heroin during the trash pulls does not call into question the veracity of the anonymous tip. Police had already substantially corroborated the tip as described above.

While Defendant believes the authorities did not corroborate the anonymous tip, his position is unfounded. As demonstrated above, the County Judge had a substantial basis for concluding that probable cause existed to support issuing the Search Warrant.

**C.** ***Res Gestae* Background Information - The Anonymous Tip**

Defendant claims testimony pertaining to the anonymous tip is not background information essential for the jury. According to Defendant, the Court should exclude this

evidence. The Government counters and claims the tip is useful evidence that completes the picture of the investigation of Defendant.

The Court agrees with the Government. Rulings on motions in limine fall within the discretion of the district court. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984)).

*Res gestae*, or background evidence, "consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (citations omitted). "Proper background evidence has a causal, temporal or spatial connection with the charged offense." *Id.* Examples of *res gestae* evidence include evidence that "is a prelude to the charged offense, arises from the same events as the charged offense, forms integral part of a witness's testimony, or completes the story of the charged offense." *Id.* When used properly, *res gestae* evidence does not implicate Federal Rule of Evidence 404(b), which generally bars evidence of past acts to prove character. *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015).

The Sixth Circuit in *United States v. Gibbs* appropriate summarized the purpose and balance of *res gestae* evidence as follows:

> The purpose of background evidence is to put charges in the appropriate context. It would be exceedingly difficult for witnesses to relay a story without referencing preceding or contemporaneous acts that are incidental but necessary to telling a cogent story, as it relates to the charges the defendant is facing. Thus, defendants are not entitled to a "sanitized" recounting of the facts...and prosecutors are not restricted to proving only discrete elements of a crime in such a way that they would be unable to offer the jury a natural narrative of events.

797 F.3d 416, 424 (6th Cir. 2015) (citations omitted).

The anonymous tip at issue here simply completes the narrative. The tip is intertwined with the charged offense. If there is no tip, there is likely no police investigation of Defendant. The tip then is a prelude to the charged offense. Further, the tip starts the story as to why the authorities were investigating Defendant. It is crucial to the narrative. Additionally, there is a temporal proximity between the tip and the charged offense. The tip occurred in May 2017. The authorities corroborated the tip over a span of the month. The police executed the Search Warrant on June 27, 2017. Less than two months passed since the tip and the underlying search that led to the charged offense.

Finally, the Court can imagine the anonymous tip serving as an integral part of an officer's testimony. This background information into the start of the investigation is thus proper. Moreover, it does not offend the Confrontation Clause or rules against hearsay. *See United States v. Warman*, 578 F.3d 320, 346 (6th Cir. 2009) ("[E]vidence that is provided merely by way of background or is offered only to explain how certain events came to pass or why law enforcement officers took the actions they did is not offered for the truth of the matter asserted" and thus cannot trigger a Confrontation Clause violation) (citations omitted).

Since the anonymous tip is inextricably intertwined with the charged offense and it is necessary to complete the story of the charged offense, the Court will admit the testimony as *res gestae* evidence.[3]

**D.** *Res Gestae* **Background Information - The Location of the Government's Collection of Defendant's DNA**

Finally, Defendant contends testimony regarding the collection of Defendant's DNA

---

[3]The Court will admit this evidence subject to a limiting instruction to the jury.

while he was in jail on an unrelated charged is also improper and the Court must exclude such testimony. In its Response, the Government submits it will tailor its questions regarding the collection of DNA to avoid disclosing the location of the collection. Accordingly, Defendant's Motion in Limine on this ground is moot because the Government agrees with Defendant and will avoid disclosing the location of the DNA collection.

### III. CONCLUSION

The Court holds the County Judge had a substantial basis for concluding that probable cause existed in issuing the Search Warrant. Further, testimony regarding the anonymous tip is proper *res gestae* evidence and may be introduced. Finally, Defendant's argument concerning the location of the collection of his DNA is moot since the Government submits it will tailor its questioning appropriately.

Accordingly, the Court **DENIES** Defendant's Motion pertaining to the suppression of evidence and testimony regarding the anonymous tip. The Court further **DENIES AS MOOT** Defendant's Motion respecting the location of Defendant's DNA collection. (ECF DKT #60).

**IT IS SO ORDERED.**

                            **s/ Christopher A. Boyko**
                            **CHRISTOPHER A. BOYKO**
                            **United States District Judge**

**Dated: February 28, 2019**