**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TROY BAKER,** | ) | **CASE NO. 1:17-CR-438** |
| | ) | **1:22-CV-02321** |
| | ) | |
| **Defendant-Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **OPINION AND ORDER** |
| | ) | |
| **Plaintiff-Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Defendant-Petitioner Troy Baker's ("Defendant")

Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.  (ECF #108;

ECF # 117-1).  The Government responded in opposition.  (ECF #122).

## I.     BACKGROUND

Police began investigating Troy Baker following a tip that he was "packaging"

marijuana, heroin and other drugs in Euclid, Ohio.  Officers conducted trash pulls at Defendant's

residence, recovering plastic baggies containing marijuana residue, including one with

approximately two grams of marijuana, torn plastic bag fragments and discarded latex gloves.

Following the trash pulls and subsequent surveillance of the property, officers obtained a search

warrant for the residence.

Execution of the warrant uncovered a bag containing 28 grams of crack cocaine,

approximately 218 grams of a substance containing carfentanil, a press, latex gloves, a digital

scale and two bottles of mannitol, a substance commonly used to "cut" cocaine.  DNA analysis

revealed Defendant's DNA, along with DNA from two other individuals on the outer surface of the bag containing the cocaine and carfentanil, the separate bag of cocaine and the scale.

On October 25, 2017, a grand jury indicted Defendant charging him on two counts: (1) Possession with Intent to Distribute Carfentanil, in violation 21 U.S.C. § 841(a)(1) and (b)(1)(A); and (2) Possession with Intent to Distribute Cocaine, in violation 21 U.S.C. § 841(a)(1) and (b)(1)(A).

Prior to trial, Defendant moved to suppress the search of the residence, which the Court denied.  Defendant's counsel filed a motion in limine to exclude any testimony regarding the initial tip to police.  The Court denied the motion, finding the limited reference to the tip was admissible to provide context for the investigation, the issuance of the search warrant and subsequent DNA testing.

At trial, Defendant's counsel raised the issue of the tip during cross-examination of Detective Ben Kreischer, who testified only that he was aware of another officer, Detective Brett Buchs, had received the tip.  On direct examination of Detective Buchs, the Government asked how the investigation began.  Following defense counsel's objection, the Court immediately instructed the jury that this background testimony was admitted solely to explain the course of the investigation and not as evidence of Defendant's guilt.  The Court cautioned the jurors not to consider the tip as substantive evidence during deliberations.

At the close of evidence, the Court instructed the jury using the Sixth Circuit pattern jury instructions.  Defendant's counsel raised no objections to the instructions.  During deliberation, the jury submitted two questions: (1) whether it could consider the tip mentioned by Detective Buchs and (2) a request for clarification on the constructive possession instruction.  In response to the first question, the Court reiterated its prior limiting instruction.  As to the second, the Court

provided a synonym for the word "right" in the constructive possession instruction to aid jurors' understanding.  The Court conferred with the parties before answering both of the jury's questions and there were no objections.

On March 13, 2019, the jury found Defendant guilty of both counts of the indictment. The Court sentenced Defendant to 200 months imprisonment, a sentence within the guidelines range.  Defendant appealed his conviction and sentence, challenging (1) the admission of Detective Buch's testimony regarding the tip and Court's curative instruction to his testimony; (2) the Court's clarification to the jury's construction possession question; and (3) the sufficiency of the evidence.  On January 5, 2021, the Sixth Circuit rejected all arguments and affirmed his conviction and sentence.  Defendant petitioned for a writ of certiorari to the Supreme Court, which was denied on October 7, 2021.  (ECF # 106).

Defendant filed a Motion to Vacate under 28 U.S.C. § 2255 to which this Court issued a Show Cause Order directing Defendant to explain why his motion should not be time-barred. (ECF # 108; ECF #110).  Defendant responded on April 6, 2023 and the Court determined he satisfied the equitable tolling standard set forth in *Holland v. Florida*, 560 U.S. 631 (2010). (ECF #111; ECF#112).

On September 22, 2023, Defendant filed a supplement to his § 2255 motion and the Government responded on October 25, 2024.  (ECF #117; ECF #122).  Defendant filed a reply to the Government's response on December 30, 2024 and the Government responded on July 30, 2025.  (ECF #124; ECF # 128).  Defendant filed an additional reply to the Government's response on September 24, 2025.  (ECF #129).  The matter is now ripe for decision.

## II.    § 2255 MOTION

Defendant asserts twelve grounds in support of his Motion to Vacate, Set Aside or Correct Sentence.  (*See* ECF # 117-1).

**Ground One**: **Ineffective Assistance of Trial Counsel for Failure to Object to the District Court's Response to the Jury Question**

> **Supporting Facts**: Before trial, trial counsel and the Government agreed to the Court's pattern jury instructions, 2.10.  Before deliberation began, the District Court instructed the jury about actual and constructive possession, using the Court's pattern jury instructions 2.10.  The District Court told the jury to establish constructive possession, the Government must prove that the Defendant had the right to exercise physical control over the controlled substances and that Defendant knew he had this right and intended to exercise physical control over the substances at some time, either directly or through other person.  During deliberations, the jury had a question about the instructions. The jury asked for clarification of right to exercise physical control, asking if there was a synonym for "right" that they could use.  The District Court response is as follows, "Dear ladies and gentlemen of the jury. I have received your third question asking whether there is a synonym for 'right' as used in instruction [section] 15(3). I have shared this with counsel and we have agreed to the following response. You may substitute the word 'ability' for 'right' as it appears twice in [section] 15(3)."  Trial Counsel should have objected.  The instruction was incorrect.  Ability is not a synonym of right.  Ability means competence in doing something, skill or the quality or state of being able or physical or mental or legal power to do something.  In contrast, right as used in connection with the concept of possession means something to which one has a just claim. Thus, the meaning of right to possess control over an article, while the meaning of ability to possess means only that the person has capacity to possess the article.  The two are not the same and trial counsel should have objected.  The District Court's answer to the jury question was plainly wrong.

**Ground Two**: **Ineffective Assistance of Trial Counsel for Failure to Object to the Expert Testimony of Dr. Nasir Butt**

> **Supporting Facts:** At trial, scientific DNA evidence was introduced at trial through Mr. Butt, a[n] expert witness for the Government who had nothing to do with the DNA analysis or tested material or swabs from Mr. Baker.  Trial counsel should have objected because the Government called the wrong expert.  Nasir Butt testified he did not conduct the DNA analysis or test the material.  Nasir Butt testified Mr. O'Block did the DNA analysis and tested the material including the DNA swabs from Mr. Baker.  Mr. O'Block did not testify to the introduction of the DNA evidence. Trial counsel should have objected because the Government relied heavily on Nasir Butt testimonial statements and had he done so this Court cannot be confident that the outcome of trial would have been the same.

**Ground Three: Ineffective Assistance of Trial Counsel for Failure to Call a DNA Forensic Expert Witness to Testify**

> **Supporting Facts:** Baker was charged with these crimes because of his DNA being found in a mixture of 3 people on the outside of sandwich and scale.  The DNA was the sole physical evidence linking Baker to the drugs.  The only reasonable and available defense strategy required consultation with experts or

4

introduction of expert evidence.  Baker can perceive no strategic reason why the importance of expert testimony would not have been apparent at the time of trial. Trial counsel could not adequately represent Baker.

**Ground Four: Ineffective Assistance of Trial Counsel as a result of Counsel Sleeping Through Portions of the Trial**

**Supporting Facts:** During portions of Baker['s] trial, trial counsel continued to fall asleep in his chair as the Government was arguing it's case. I had to tap trial counsel several times while he was sitting in his chair.  I didn't wanna interrupt the Court so I said nothing.  However, the judge and prosecutor attorney and my family members witness this behavior and I believe trial counsel has a sleeping disorder because every time he visited me he would dose off.  I have witnesses who has at my trial willing to testify they saw trial counsel sleeping during the trial and in front of the jury.

**Ground Five: Ineffective Assistance of Trial Counsel for Failure to Object to the DNA Evidence and Request a Daubert Hearing; Ineffective Assistance of Appellate Counsel for Not Raising this Argument on Appeal**

**Supporting Facts:** The Supreme Court instructed DNA evidence is a complicated scientific subject and if an objection is made the trial court must hold a Daubert hearing.  The proponent of evidence must present the factual and scientific basis necessary to satisfy the foundational elements of Rule 702 and the trial court must conduct an on the record balancing of probative value against the applicable rule of 403 dangers.  If trial counsel had objected and requested a Daubert hearing it would have allowed the trial court to carry out its gatekeeping duty and responsibility.

**Ground Six: Ineffective Assistance of Trial Counsel for Failure to Object to the Testimony of Officer Buchs**

**Supporting Facts:** Trial counsel failed to continue to object to Officer Buchs testimony. Officer Buchs continue[d] his testimony by saying Troy Baker was seen in the house again wearing latex gloves and packaging up dope. Trial counsel did not object further or move for a mistrial or even move the Court to strike the testimony. This allowed the Court to admit this testimony. This testimony was damaging to the defense.

**Ground Seven: Ineffective Assistance of Trial Counsel as a Result of Trial Counsel Opening the Door on the Cross Examination of Officer Kreischer**

**Supporting Facts:** Trial counsel brought up the tip during cross-examination first however Kreischer could only testify to his awareness of the tip. Trial counsel should have never brought up the tip.

**Ground Eight: Ineffective Assistance of Trial Counsel for Failure to Investigate Evidence and Defendant Claims.**

**Supporting Facts:** I ask[ed] trial counsel to go to the Euclid police station to get the police report that would have shown that my brother and his girlfriend had a

5

altercation in the basement where he was arrested and Euclid police took photos in the basement because it was a crime scene, to show that several family members hung out in the basement and that I didn't have control over the basement.  Trial counsel told me he was gonna get the reports and he never did.  Trial counsel also told me he would get the sanctions I had received from my parole officer but failed to do that. It would have shown that I was sanctioned by my state parole officer for leaving and not being at the residence since Febr[u]ary and that I absconded from parole in Febr[u]ary also and had a warrant out for my arrest.  Had trial counsel obtained the police report and the sanction from my parole officer I would have been able to take the stand in my own defense and testify that I never controlled the basement of the house and that I was sanction[ed] by my parole officer and on the run since Feb[r]uary of 2017 for leaving and not living at the residence where I was paroled to.

**Ground Nine: The District Court Erred and Violated Baker's Sixth Amendment Rights When the Court Enhanced Mandatory Minimum Based on a Conviction That Was Not Proven to Jury**

> **Supporting Facts:** The Sixth Amendment, not 851 determines what questions got to the jury. When a defendant with a prior serious drug felony conviction proceed to trial, the defendant is entitled to have jury rather than a judge make finds beyond a reasonable doubt about these past conviction facts.  The past conviction facts [were] not submitted to the jury violating Baker's Sixth Amendment rights.

**Ground Ten: The District Court Erred by Not Giving Proper Guidance When Answering the Jury's Question**

> **Supporting Facts:** During deliberations the jury asked if there was a synonym for right that they could use.  The District Court told the jury to use ability in place of right changing the Court's pattern jury instruction 2.10 [section] (15)C.

**Ground Eleven: The District Court Erroneously Admitted Other Acts Evidence in Violation of Rule 404(B) of the Federal Rules of Evidence and Hearsay Evidence and Expert Opinion Testimony About DNA Evidence.**

> **Supporting Facts:** The District Court permitted Det. Buchs to testify about a tip he received about Baker wearing latex gloves and packaging drugs which was hearsay.  The District Court also permitted Nasir Butt to give expert testimony about DNA evidence he never performed.  Mr. Butt testified that Mr. O'Block did the DNA on the materials and swabs from Mr. Baker.

**Ground Twelve: Ineffective Assistance of Appellate Counsel for Failure to Argue that Baker Sentence was Both Procedurally and Substantively Unreasonable.**

> **Supporting Facts**: At sentencing trial counsel ask the district Court to keep in mind the purpose of the First Step Act and that it was passed by Congress and signed by the President was to get away from trying to max someone out and strongly ask the Court to sentence Baker to 15 years which is more than sufficient in this matter and that the Court impose that sentence.  However, the District

> Court failed to address the argument about the First Step Act and to be sentenced
> to the mandatory minimum of 15 years and failed to explain it's decision.

(*See* ECF # 117-1, cleaned up).

### III.    STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Under § 2255, a federal prisoner may obtain relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States,* 334 F.3d 491, 496-97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001)). A constitutional basis for § 2255 relief requires "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). Any non-constitutional error must constitute a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir. 1990). A § 2255 movant typically must prove any factual assertions by a preponderance of the evidence. *McQueen v. United States,* 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

One type of alleged constitutional error is ineffective assistance of counsel in violation of the Sixth Amendment. The standard outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.

Ct. 2052, 80 L. Ed. 2d 674 (1984), governs ineffective assistance of counsel claims.  To prevail, a movant must prove (1) that defense counsel's performance was deficient, and (2) that the demonstrated deficiency prejudiced the movant.  *Id.* at 687.  To establish deficient performance, a movant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88.  "Judicial scrutiny of counsel's performance must be highly deferential", and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  A prejudice showing requires a "reasonable probability that, but for counsel's errors, the judicial outcome would have been different." *Id.* at 694-95.  The Court "must consider the totality of the evidence" in assessing prejudice. *Id.* at 695.  The movant must satisfy both prongs of the *Strickland* analysis, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'" *Id.* at 730.

Counsel's strategic choices are granted a high level of deference under the presumption that the challenged action might be considered sound trial strategy. *Tremble v. Burt*, 497 Fed. Appx. 536, 574 (6th Cir. 2012) (citation and internal quotation marks omitted).  The second part of the *Strickland* test, whether there was resulting prejudice, is more difficult.  To succeed on this prong, a defendant must prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (citation omitted).

The right to effective assistance of counsel also applies on direct appeal.  But appellate counsel is only expected to raise the arguments most likely to succeed. *Davila v. Davis*, 582 U.S. 521, 137 S. Ct. 2058, 198 L. Ed. 2d 603 (2017).  Indeed, the process of "winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being

8

evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986).  Thus, "[c]ounsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal." *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011).  And even where a defendant can show a reasonable possibility that they would have prevailed on an unraised appellate claim, "the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel." *Id*.  As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982).

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

## IV.   ANALYSIS

The Court will fully address Defendant's claims that have not already been litigated on direct appeal.

**A. Claims Raised on Direct Appeal**

Defendant filed a direct appeal to the Sixth Circuit challenging his conviction and sentence.  The Sixth Circuit affirmed the Court's judgment.  In his present § 2255 motion, Defendant reasserts two claims previously litigated on direct appeal - Ground Eleven as to Detective Buchs' testimony and Ground Ten.

The Sixth Circuit plainly bars this Court from reconsidering the arguments already litigated in his direct appeal.  *See Jones v. United States,* 178 F.3d 790, 796 (6th Cir. 1999) ("It is well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law.").  Here, Defendant identifies no such extraordinary circumstances and simply repeats the same arguments that the Sixth Circuit rejected on appeal. *Id.*  d.

The Court concludes that Defendant's renewed claims, absent highly exceptional circumstances, are barred from reconsideration in this § 2255 proceeding.  *See Davis v. United States*, 417 U.S. 333, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974); *see also Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

Accordingly, Ground Eleven as to Detective Buchs' testimony and Ground Ten are DISMISSED.

**B. Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are not subject to the procedural default rule. *Massaro*, 538 U.S. at 504.  Such claims may be raised in a collateral proceeding under § 2255, regardless of whether they could have been raised on direct appeal. *Id.*  Defendant asserts eight grounds of ineffective assistance of trial counsel and three grounds of ineffective assistance of appellate counsel.

**1. Ineffective Assistance of Trial Counsel**

*A. Ground One*

10

Defendant alleges his trial counsel was ineffective for failing to object to the Court's response to the jury's question regarding constructive possession. The Sixth Circuit addressed this issue extensively when affirming Defendant's conviction. "The court consulted the parties before answering and Baker's attorney expressly agreed that the jury could substitute 'ability' for 'right.'" *United States v. Baker*, 839 F. App'x 984, 992 (6th Cir. 2021).

Defendant now contends that counsel's failure to object was "plainly wrong" and allowing the jury to consider "ability" rather than "right" caused prejudice. (ECF # 117-1 pg. 3; ECF # 124 pg. 4). However, Defendant fails to show that counsel's performance fell below the objective standard in *Strickland*, nor does he show how the outcome would have been different had counsel objected.

Indeed, the Sixth Circuit expressly determined, "under plain-error review, we hold that the jury's consideration of 'ability' as a synonym for 'right' in the constructive possession instruction was not so clearly erroneous to produce a grave miscarriage of justice." *Baker* 839 F. App'x at 993.

Accordingly, neither prong under *Strickland* is satisfied and Ground One is **DENIED.**

### B. Ground Two

Defendant, argues trial counsel was ineffective for failing to object on Confrontation Clause grounds to the testimony of the Government's expert, Dr. Nasir Butt. Defendant maintains that Dr. Butt was "the wrong expert" because he did not conduct the DNA testing himself. At trial, Dr. Butt testified that he "did not do the DNA analysis" but had "technically reviewed the case file and all the material" related to the analysis. (ECF # 100 pg. 119). Dr. Butt also testified that Dr. O'Block, the analyst who performed the testing, was on paternity leave at time of trial. (ECF # 124 pg. 9; ECF # 100 pg. 119).

11

In the context of expert testimony, where the testifying expert did not perform the underlying analysis or testing, the Sixth Amendment Confrontation Clause is implicated. Because Dr. Butt did not perform the analysis or testing himself, the accused has a right to confront the analyst who made the testimonial certification, unless that analyst is unavailable at trial and the accused had an opportunity pretrial to cross-examine that particular expert. *Bullcoming v. New Mexico*, 564 U.S. 647, 652.  In *Bullcoming,* the Court held a forensic laboratory report ranks as testimonial for purposes of the Sixth Amendment's Confrontation Clause because the report had been created specifically to serve as evidence in a criminal proceeding.  *Id*. at 647.  Here, Dr. O'Block was unavailable and was not confronted by the Defendant.  Under these circumstances, counsel arguably could have raised an objection, satisfying the first prong of *Strickland*.

However, Defendant fails to satisfy the second *Srickland* prong.  Defendant offers no evidence that the outcome of his trial would have been different had Dr. O'Block, rather than Dr. Butt testified, but merely argues, "the Court cannot be confident that the outcome of the trial would have been the same" if Dr. O'Block testified rather than Dr. Butt.  (ECF # 117-1 pg. 5). The Government correctly notes that Defendant does not demonstrate how Dr. O'Block's testimony would have differed or altered the result.  (ECF # 122 pg. 16).  Moreover, the Sixth Circuit on Defendant's direct appeal, emphasized the overwhelming evidence against Defendant, holding that a reasonable juror would infer that the quantity of drugs, evidence of trafficking activity and surveillance would find that the drugs were possessed at the residence for purposes of distribution.  *Baker*, 839 F. App'x at 993.

Accordingly, because Defendant has not demonstrated prejudice, the second prong of *Strickland* fails and Ground Two is **DENIED.**

*C. Ground Three*

Defendant claims that trial counsel was ineffective for failing to call a DNA forensic expert to rebut the Government's evidence.  However, Defendant does not explain how calling an unidentified witness or hiring an expert would have aided his defense.

Generally, a lawyer's decision to call a witness is considered one of strategy and not subject to review.  *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997).  Failing to call a witness can constitute ineffective assistance of counsel only when it deprives the defendant of a substantial defense.  *Chegwidden v. Kapture, 92 Fed.Appx.* 309, 311 (6th Cir. 2003).

Defendant provides no evidence showing that expert DNA testimony would have presented a novel or substantial defense.  Defendant identifies no particular expert, provides no expected testimony and does not describe with any specificity how such testimony might have altered the outcome of his trial.  Because Defendant cannot establish either deficient performance or resulting prejudice, this ineffective assistance claim fails under both prongs of the *Strickland* test.

Accordingly, Ground Three is **DENIED.**

*D. Ground Four*

Defendant claims his trial counsel was ineffective because counsel "slept through parts of the trial."  Defendant does not identify which portions of the trial this occurred, only that it happened "as the Government was arguing its case."  The Court has reviewed the trial transcripts and finds counsel was alert, engaged and made multiple objections to the Government throughout the trial.  (*See* ECF # 99 pg. 17, Butler's objection to Government's opening statement; *Id*. pg. 37, 38, Butler's objections to direct examination of Kreischer; *Id.* pg. 61, 62, Butler's objections to redirect of Kreischer; ECF # 100 pg. 159, Butler's objection to Dr. Butt

13

redirect; *Id.* 17, Butler's objection to Detective Buch's direct examination). Defendant again refers to unidentified witnesses who supposedly would testify that counsel slept, but he offers no affidavits or substantiating evidence

Under *Strickland*, Defendant must show that the counsel's performance was deficient and that his deficient performance prejudiced the defense. In *United States v. Cronic*, the Supreme Court held there are circumstances "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified" and prejudice is presumed. *United States v. Cronic*, 466 U.S. 648, at 658. The "[m]ost obvious" of these circumstances is "the complete denial of counsel." *Id*. at 659. Where the defendant "is denied counsel at a critical stage of his trial," we are required "to conclude that a trial is unfair," and an independent showing of prejudice is not required. *Id*.

The Ninth, Fifth, and Second Circuits have applied *Cronic* to circumstances where counsel slept through portions of the trial, holding that the denial of counsel with presumed prejudice only occurs once counsel sleeps through a "substantial portion of [defendant's] trial." *See Javor v. United States*, 724 F.2d 831, 834 (9th Cir. 1984); *see also Burdine v. Johnson*, 262 F.3d 336, 340-41 (5th Cir. 2001) (en banc) (concluding a defendant's right to counsel was violated where defense counsel was "repeatedly unconscious through not insubstantial portions of the defendant's capital murder trial"); *Tippins v. Walker*, 77 F.3d 682, 685 (2d Cir. 1996) (holding the defendant's right to counsel was violated where defense counsel was asleep for "numerous extended periods of time").

In *Muniz v. Smith*, 647 F.3d 619 (6th Cir. 2011) a defendant alleged his attorney was asleep for undetermined portions of a single cross-examination and supported this claim with an affidavit from a juror. *Id.* at 623-624. The Sixth Circuit compared the amount of time counsel

14

was asleep to *Tippins,* where the trial judge testified that defense counsel slept every day of the trial.  *Id.*  The Sixth Circuit determined that because the defendant could not establish that trial counsel was asleep for a substantial portion but rather, it was more likely a brief period, prejudice could not be assumed under *Strickland* or *Cronic*.  *Id.*

Here, Defendant's claims are inapposite to *Tippins* and *Muniz*.  Defendant identifies no specific instances where counsel was sleeping, nor does he produce any evidence or identified witnesses to support that claim.  The record instead shows Defendant's counsel actively participated throughout the trial.  Even if the Court assumes counsel *was* in fact asleep at any point during the trial, it would have been for such a brief period that it would be considered insignificant under *Muniz*.

Accordingly, because Defendant does not demonstrate prejudice under *Strickland*, Ground Four is **DENIED.**

### E. Ground Five

Defendant claims that both his trial counsel and appellate counsel were ineffective for failing to the object to the DNA evidence and for failing to request a Daubert hearing.

There is no question, based on the record, that Dr. Butt was sufficiently qualified to opine on the matters addressed by the Government at trial.  "If evidence admitted without objection was admissible, then the complained of action fails both prongs of the Strickland test."  *United States v. Dado*, 759 F.3d 550, 566 (6th Cir. 2014).  Counsel is not required to make a Daubert challenge to an expert's testimony that clearly meets Daubert 's standards for admissibility.  Further, there is no need to formally qualify an expert when their qualifications are obvious.  *See United States v. Cobb*, 397 F. App'x 128, 139 (6th Cir. 2010).

15

The qualifications of the expert witnesses were known to the defense prior to trial, meaning defense counsel was likely aware that any challenge to the admissibility of the expert's testimony would have been fruitless.  It is well established that a defendant's right to counsel does not give him a right to force his counsel to present every possible non-frivolous argument that could be made on his behalf.  *See Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983).  Judicial scrutiny of counsel's performance is required to be highly deferential and the exercise of sound strategy and judgment should be presumed.  There was no need for Defendant's counsel to waste resources and time and risk being seen as unduly argumentative or incompetent by the jury by objecting to the admission of clearly admissible testimony. Defendant offers no evidence or suggestion of any identifiable deficiency that would have disqualified Dr. Butt from testifying.

Although trial counsel did not baselessly attempt to attack the admissibility of the testimony, he did challenge the substance and credibility of the testimony through cross-examination.  (*See* ECF # 100 pg. 139-156).  Trial counsel's strategic decision was reasonable and caused no prejudice to Defendant's case.

Accordingly, Ground Five is **DENIED.**

### F. Ground Six

Defendant argues that his trial counsel was ineffective for failing to object to the testimony of Detective Buchs.  Before trial, Defendant's counsel filed a motion in limine (*See* ECF # 60) to exclude "testimony regarding the anonymous tipster that identified that Troy Baker was storing and processing drugs out of 566 E. 260th Street, Euclid Ohio." (*Id*. pg. 2).  The Court denied this Motion, holding that *res gestae* evidence is necessary to complete the story of

16

the charged offense.  (ECF # 67 pg. 7, citing *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)).

During trial, Defendant's counsel did indeed object to Detective Buch's testimony about the tip, to which the Court issued a limiting instruction to the jury.  (ECF # 100 pg. 17). Defendant now argues that his counsel should have continued objecting, moved for a mistrial, or moved the Court to strike the testimony, despite his counsel already preserving the issue for the record.  The Court will not fault counsel for declining to pursue futile objections.  *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (determining that the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel); *see also United State v. Thomas*, 38 F. App'x 198, 202 (6th Cir. 2002) (same).

Accordingly, neither prong of *Strickland* is met and Ground Six is **DENIED.**

*G. Ground Seven*

Defendant claims his trial counsel was ineffective by, "opening the door about the tip to police" during the cross-examination of Detective Kreischer.

During Detective Kreischer's cross-examination, Defendant's counsel asked whether the detective was present when the anonymous tip was called into the Euclid Police Department. Detective Kreischer responded that he was aware of the tip but did not take the call himself. (ECF #99 pg. 57).  Counsel did not pursue any further questions about the tip on cross-examination.

As discussed above, the Court addressed the issue of the tip before trial and again after Defendant's counsel objected during Detective Buchs' testimony about the same tip, prompting the Court to give the jury a limiting instruction.  (ECF# 100 pg. 17).

17

The Court cannot discern how counsel's cross-examination of Detective Kreischer constituted ineffective assistance, or how this brief mention of the tip would have prejudiced Defendant.  Defendant's only "supporting facts" is that "trial counsel should have never brought up the tip."

Accordingly, because a mere disagreement with trial strategy and the Court's limiting instruction combined to nullify both prongs of *Strickland*, Ground Six is **DENIED**.

### H. Ground Eight

Defendant claims his trial counsel was ineffective for "failing to investigate evidence that could have corroborated the defense theory and the defendant claims."  Defendant asserts he asked his counsel to obtain police reports and sanctions from his parole officer for absconding from the residence.

Defendant characterizes this as both a failure to investigate evidence and a failure to corroborate his claims, but it cannot be both.  Either counsel was aware of the police report and parole officer's "sanctions" and made a strategic decision not to present them, or counsel was unaware of these materials.  Defendant offers no support for his contention that counsel failed to investigate despite being alerted to it, or that counsel acted outside the *Strickland* standards. Strategic decisions by counsel are not usually ineffective assistance.  *See Lewis v. Alexander*, 11 F.3d 1349, 1353 (6th Cir. 1993); *see also Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001).  Moreover, Defendant does not explain how the outcome of the trial would have been different, if counsel did indeed fail to investigate evidence that Defendant had pointed him to.

Accordingly, neither prong of *Strickland* is satisfied and Ground Eight is **DENIED**.

### 2. Ineffective Assistance of Appellate Counsel

### A. Ground Two

18

In Defendant's Reply to the Government's Response in Opposition, he adds that his appellate counsel was also ineffective for not challenging the Court's use of "ability" over "right" when answering the jury's question for clarification on the constructive possession instruction.  (ECF # 124 pg. 4).

Defendant argues "appellate counsel should have known that allowing the jury to consider the broad term 'ability' over the more narrow term 'right' would prejudice Baker." (*Id.*).  It is unclear to this Court how his appellate counsel was deficient, as this precise issue was raised on direct appeal and rejected by the Sixth Circuit.

Accordingly, as to Defendant's claim that his appellate counsel was ineffective, Ground Two is **DENIED**.

### B. Ground Nine

Defendant alleges both the District Court improperly applied a sentencing enhancement and that his appellate counsel was ineffective for failing to challenge the enhancement, despite being sentenced within the guidelines.

To the extent that Defendant raises this as a claim of ineffective appellate counsel, Defendant fails to demonstrate how counsel's decision to not pursue the issue was unreasonable, nor has he shown that there is a reasonable probability that the result of his appeal would have changed had the issue been raised.  *See Henness*, 644 F.3d.

Accordingly, neither prong of *Strickland* is satisfied and Ground Nine, as to appellate counsel, is **DENIED**.

### C. Ground Five

Defendant claims that both his trial and appellate counsel were ineffective for failing to the object to the DNA evidence and for not requesting a Daubert hearing.

19

As discussed above, the Court previously addressed Defendant's claim regarding trial counsel's decision not to challenge the admission of DNA evidence.  Defendant now asserts his appellate counsel was also ineffective for raising the issue on appeal.  However, because trial counsel's conduct was not deficient, appellate counsel had no basis to challenge it.

Defendant offers no evidence showing that counsel's failure to contest the admissibility of the Government's expert testimony constituted error, that the failure rose to the level of a constitutional violation, or that it resulted in any prejudice.

Accordingly, neither prong of *Strickland* is met and Ground Five, as to appellate counsel, is **DENIED**.

### C. Ground Twelve

Defendant claims his appellate counsel was ineffective for failing to argue that his "sentence was procedurally and substantively unreasonable" and for failing to challenge the Court's "failure to address the argument about the First Step Act."

As a threshold matter, the Court *did* consider the First Step Act in its sentencing, as outlined in detail by the presentence report and received by the parties prior to sentencing.  (See ECF # 79).  The report first considered the application of the sentencing enhancement pursuant to 21 U.S.C. § 851.  This enhancement, which is based on a prior conviction of a "serious drug felony," increased the penalty for Count One to a mandatory minimum term of 20 years imprisonment, a term of supervised release of at least 10 years and a fine not to exceed $20,000,000.

The presentence report then explained the changes to the applicable statutory penalty for Count One, following the First Step Act's passage:

> "However, on December 21, 2018, the First Step Act of 2018 was passed, which changed the statutory penalty for convictions, under Title 21 U.S.C. §

841(b)(1)(A), for defendants who commit violations of such statute after a prior conviction for a 'serious drug felony' or a 'serious violent felony' to a mandatory minimum term of 15 years imprisonment, with all other statutory penalties remaining the same.  Therefore, the statutory penalty on Count 1 becomes 15 years to Life imprisonment, a term of supervised release of at least 10 years, and a maximum fine of $20,000,000."

(ECF # 79 pg. 3).

Defendant does not demonstrate how he was prejudiced by appellate counsel not raising this issue on appeal, as the Court followed the changes the First Step Act made to the applicable statutory provisions when sentencing Defendant.

Accordingly, Ground Twelve is **DENIED**.

## B. Non-constitutional claims

Ordinarily, non-constitutional errors are not cognizable on collateral review.  *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) (noting that non-constitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver).  Relief may be available only in rare circumstances to some non-jurisdictional and non-constitutional errors of federal law, but only if those errors involve a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979).

### 1. Ground Nine

A portion of Defendant's Ground Nine argues the Court erred by applying a sentencing enhancement through 21 U.S.C. § 851(c), thereby violating his Sixth Amendment rights. Defendant's argument is squarely defeated by controlling Supreme Court and Sixth Circuit precedent.

It is well settled in this Circuit that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), does not require the nature of prior convictions to be determined

21

by a jury.  *United States v. Townsend,* 206 F. App'x 444, 451 (6th Cir. 2006); *see also United States v. Beasley,* 442 F.3d 386, 391 (6th Cir. 2006) ("[T]he Supreme Court has uniformly excepted 'the fact of a prior conviction' from its general rule that sentence-enhancing facts must be found by a jury and proved beyond a reasonable doubt."). *United States v. Craft*, 495 F.3d 259, 266 (6th Cir. 2007).

Even setting *Apprendi* aside, Defendant's 200-month sentence fell within the applicable guidelines range.  § 2255 does not provide relief for claims relating to guidelines calculations, rather, § 2255 provides redress only for jurisdictional or harmful constitutional errors. *Addonizio*, 442 U.S. at 184; *see also Grant*, 72 F.3d 503 (noting that non-constitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver).

Sentencing a Defendant pursuant to a guidelines sentence, including an enhancement, does not meet the high bar for § 2255 relief because it is not a "miscarriage of justice." Defendant's sentence was based upon a total offense level of 30 and a criminal history category of VI, making the guideline imprisonment range 168 months to 210 months.  Because the statutorily authorized minimum sentences exceeded the lower end of that range, the applicable guideline term of imprisonment was 180 months to 210 months. U.S.S.G. § 5G1.2(b); *see also* ECF # 79 pg. 18.

Defendant's sentence is within this range and cannot plausibly be characterized as a fundamental defect which inherently results in a complete miscarriage of justice.  *See Davis v United States* 417 US 333 at 346.  Moreover, the Court also points to the Sixth Circuit's holding in his own direct appeal, where his conviction and sentence were affirmed.  *See Baker*, 839 F. App'x.

Accordingly, because this portion of Ground Nine, challenging the Court's use of a sentencing enhancement does not reach the level of a cognizable claim under § 2255, the same is **DENIED**.

**2. Ground Eleven**

Defendant claims the District Court erroneously admitted: (1) other acts evidence, (2) Detective Buchs' "hearsay" testimony and (3) expert opinion testimony about DNA evidence. As previously discussed, Ground Eleven is partially barred from re-litigation and the Court will only consider Defendant's claim that the Court erred in admitting Dr. Butt's expert testimony.

Under Federal Rule of Evidence 702, expert testimony is admissible if the proponent demonstrates that it is more likely than not that: (a) the expert's specialized knowledge will assist the trier of fact; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied those principles and methods to the facts of the case.  Fed Rules Evid R 702.  The Rules of Evidence, especially Rule 702, assign to the judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.  Pertinent evidence based on scientifically valid principles will satisfy those demands.  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597.

As "gatekeepers," the district courts are charged with "discretion in determining whether . . . a proposed expert's testimony is admissible." *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429 (6th Cir. 2007).  The Sixth Circuit has repeatedly recognized that "rejection of expert testimony is the exception, rather than the rule*." United States ex rel. TVA v. 1.72 Acres of Land*, 821 F.3d 742, 749 (6th Cir. 2016) (quoting *In re Scrap Metal*, 527 F.3d at 530). Accordingly, "Rule 702 should be broadly interpreted on the basis of whether the use of expert

testimony will assist the trier of fact."  *Id.* (quoting *Morales v. Am. Honda Motor Co., Inc.*, 151 F.3d 500, 516 (6th Cir. 1998).  The inquiry is "a flexible one"; "[t]he focus must be solely on principles and methodology, not on the conclusions they generate." *Daubert*, 509 U.S. at 594-95. Generally, "a trial judge . . . ha[s] considerable leeway in deciding whether particular expert testimony is reliable.  *Kumho Tire v. Carmichael,* 526 U.S. 137, 149 (quoting *Daubert*, 509 U.S. at 592).

Here, the Government filed a Notice of Expert Testimony pursuant to FRE Rule 702 prior to trial.  The Court evaluated Dr. Butt's qualifications, relevance of his testimony and the reliability of the methods and principles employed and did not err by admitting his credible and helpful expert testimony.

Accordingly, as to the portion of his claim that the Court erred in admitting Dr. Butt's testimony, Ground Eleven is **DENIED**.

## V. CONCLUSION

The Court finds that an evidentiary hearing is not warranted in the present case. Accordingly, the Court finds that Defendant failed to demonstrate any ground on which he is entitled to relief under § 2255.  Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF #108; ECF # 117-1) is **DENIED**.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: March 31, 2026**

24